# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

FANESTER JAMES,

     Plaintiff,

v

CITY OF DETROIT, a municipal corporation,
CHIEF JAMES CRAIG, SAMUEL PIONESSA,
REGINALD BEASLEY, NICO HURD,
ALANNA MITCHELL, JUAN DAVIS,
JOHNNY FOX, SAMUEL GALLOWAY,
JASON CLARK, and LAMAR WILLIAMS,
in their individual and official capacities,

     Defendants.

Case No.
Hon.

---

James B. Rasor (P43476)
**RASOR LAW FIRM, PLLC**
Attorneys for Plaintiff
201 East Fourth Street
Royal Oak, Michigan 48067
(248) 543-9000/(248) 543-9050 (fax)
jbr@rasorlawfirm.com

---

# COMPLAINT AND JURY DEMAND
**There is no other pending civil action arising out of the transaction or occurrence alleged in this Complaint**

     /s/ *James B. Rasor*

**JAMES B. RASOR (P43476)**

NOW COMES Plaintiff FANESTER JAMES, by and through her attorneys, RASOR LAW FIRM, PLLC, and for her Complaint against the above-named Defendants, states as follows:

## PARTIES

1.      At all times relevant to this lawsuit, Plaintiff Fanester James ("James" or "Plaintiff") was a resident of the City of Detroit, County of Wayne, State of Michigan.

2.      Defendant City of Detroit is a Michigan municipal corporation, duly organized and carrying on governmental functions, in City of Detroit, County of Wayne, State of Michigan, and is the body responsible for the control and oversight of its departments, agencies and facilities including the Detroit Police Department, as well as its police officers, including, but not limited to Defendants Chief James Craig, Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark and Lamar Williams.

3.      Upon information and belief, Defendants Chief James Craig, Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark and Lamar Williams, are citizens of the State of Michigan and were, at all times relevant to this action, employed as a law enforcement officers by the City of Detroit Police Department.

2

4.     On September 6, 2016, at the time of the events alleged in this Complaint, Defendants Chief James Craig, Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark and Lamar Williams were at all times acting in their respective individual capacities, within the course and scope of their employment as police officers employed by the City of Detroit Police Department, and under color of law.

5.      At all material times, Defendant City of Detroit employed the named Defendants and is liable for their acts. City of Detroit is also liable for the unconstitutional polices, practices, and customs of its Police Department.

6.     At the times relevant to the instant Complaint, Defendant Chief James Craig was the head of Defendant City of Detroit's Police Department and who was responsible for managing and supervising the City of Detroit's Police Department, including the individually named Defendants, and had final policy-making authority for the Detroit Police Department.

7.     Defendants are jointly and severally liable to Plaintiff for the claims asserted herein.

## JURISDICTION AND VENUE

8.     This is a civil action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution against Defendants City of Detroit, Chief James Craig,

3

Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark and Lamar Williams in their respective individual capacities.

9.     This Court has jurisdiction over Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 based upon the laws of the United States pursuant to 28 U.S.C. §§ 1331 and 1343.

10.     This Court has jurisdiction over Plaintiff's state claims pursuant to the Federal Rule of Civil Procedure 18 and 28 U.S.C. § 1367.

11.     Venue lies in the Eastern District of Michigan pursuant to 28 U.S.C. §1391(b). The unlawful actions alleged in this Complaint took place within the City of Detroit, County of Wayne, which is located within the Southern Division of the Eastern District of Michigan.

12.     The amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, excluding interest, costs and attorney fees.

## FACTUAL ALLEGATIONS

13.     On or about September 6, 2016, Defendants Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark and Lamar Williams, acting under color of law and as officers for the City of Detroit Police Department, conducted an unlawful raid of Plaintiff's residence in Detroit, Michigan.

4

14.   At the time of the raid, the 59-year-old Plaintiff was inside her residence when she heard a noise on the enclosed front porch.

15.   Plaintiff approached the clear glass window in the front door of the residence to investigate the noise.

16.   Defendants, Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark and Lamar Williams, were in the enclosed front porch of the residence.

17.   Defendants Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark and Lamar Williams were each wearing black face masks and black shirts with the words "POLICE" on them.

18.   Upon information and belief, the first officer at the front door was either Defendant Reginald Beasley or Defendant Nico Hurd (hereinafter "Defendant Officer #1").

19.   As Plaintiff made eye contact with Defendant Officer #1 at the front door and as Plaintiff turned the door handle to open it, Defendant Officer #1 kicked in the front door, causing it to slam forcefully into Plaintiff's face.

20.   The force of the impact of the door knocked Plaintiff backwards into the wall in the front hallway.

21.   After forcibly entering Plaintiff's residence, the Defendants pointed

5

their weapons at Plaintiff and yelled at her to secure her small dog.

22.     Defendant Officer #1 ordered Plaintiff to shut her dog in the lower floor bathroom, with which Plaintiff complied.

23.     Plaintiff was handcuffed and directed to sit in the living room as Defendants ransacked the house.

24.      As Defendants ransacked the home, Plaintiff sat, with her hands cuffed in front of her, while her eye swelled up and blood dripped from a large gash over her eye caused by the forceful entry by Defendant Officer #1.

25.     As Defendants ransacked the house, they retrieved a 74-year-old male occupant from an upstairs bedroom, lead him down the stairs dressed only in his underwear, with his hands cuffed behind his back, and sat him down near Plaintiff.

26.     After Defendants ransacked the house, Defendant Officer #1 directed Plaintiff into one of the bedrooms, sat her down while her hands remained cuffed, stood over her, and stated in a threatening manner, "I want to make sure that we are on the same page because I do not want to have to take you to jail[,]" or otherwise intimidated Plaintiff for the purpose to prevent Plaintiff from revealing to anyone that Defendant Officer #1 had caused her injuries.

27.     Defendant Officer #1 further threatened Plaintiff that she did not need an ambulance and that she could "take care of" her facial injuries on her own.

28.     Defendant Officer #1 then stated to Plaintiff, "This never happened.

6

You fell and hit your head before we got here, right?",

29.    Fearful for her safety, Plaintiff remained compliant with Defendant Officer #1 and his threats and intimidations.

30.    Defendant Officer #1 asked Plaintiff if she had "a shirt or something else you can put on?" and stated "I do not want to see that blood."

31.    Plaintiff told Defendant Officer #1 that the clothing in the bedroom belonged to the 99-year-old male homeowner.

32.    Defendant Officer #1 insisted that Plaintiff remove her shirt and change into one of the shirts in the bedroom, and did so for the purposes of concealing the nature and severity of the injuries Defendant Officer #1 caused to Plaintiff.

33.    Defendant Officer #1 put on latex gloves, removed the handcuffs from Plaintiff's wrists, and ordered Plaintiff to change her shirt.

34.    Fearful for her safety, Plaintiff complied with Defendant Officer #1's instructions as he remained in the bedroom.

35.    Prior to leaving the premises, Defendant Officer #1 took a picture of Plaintiff.

36.    After Defendants left the residence, Plaintiff discovered a piece of paper purporting to be a "Search Warrant and Affidavit" for the search of the premises and "Seller#1: B/M/20, 5'10" 170 lbs, medium complexion, wearing a

white t-short [sic] and blue jeans" for narcotics, narcotics paraphernalia and all items uses for the use, sale, manufacture and distribution of controlled substances.

37.    Defendant Reginald Beasley's affidavit was utilized to obtain the search warrant.

38.    Defendant Beasley lacked probable cause to obtain the search warrant.

39.    There was at no time no one who matched the description of "Seller#1" as set forth in the search warrant who resided at the premises described in the warrant.

40.    Defendants had no probable cause to seize and/or detain and/or arrest Plaintiff.

41.    None of the Defendants observed Plaintiff commit any violent felony or crime at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

42.    Plaintiff did not have a weapon or display any object that appeared to be a weapon at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

43.     Plaintiff did not threaten in any way any of the Defendants at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

44.    Plaintiff did not pose an immediate threat of harm to any of the

Defendants or any other person in the immediate vicinity at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

45.    Plaintiff did not pose any realistic likelihood of risk of flight at any time prior to or during the confrontation or brutal, unjustified physical attack on Plaintiff.

46.    Defendants did not have a justifiable reason to use the force that they deployed at any time prior to or during the confrontation or brutal physical attack on Plaintiff.

47.    Upon information and belief, Defendants have engaged in similar unlawful searches, seizures, and assaults in and around the City of Detroit.

48.    Defendant City of Detroit has allowed an unconstitutional policy, custom and practice to flourish within its Police Department under which its police officers, including Defendants, have engaged in unlawful searches and seizures, and utilized excessive and unnecessary force.

49.    During these unconstitutional searches and seizures, Plaintiff and dozens of other similar residents were threatened, intimidated, unlawfully detained, assaulted, and falsely arrested without probable cause.

50.    As a direct and proximate result of the wrongful acts and omissions of the Defendants, Plaintiff sustained severe and permanent injuries, and was degraded, humiliated, and subjected to an unlawful search, seizure, and false arrest

in violation of her constitutional rights.

51.     As a direct and proximate result of the wrongful acts and omissions of the Defendants, Plaintiff suffered extreme emotional distress, humiliation, embarrassment, and damage.

## COUNT I – EXCESSIVE FORCE
## VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDEMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 AS TO THE INDIVIDUAL DEFENDANTS

52.     Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

53.     At all times relevant herein, the above-named individual Defendants above owed a duty to the public, but especially to Plaintiff, to act in a lawful and reasonable manner, and to avoid the use of unnecessary, unreasonable illegal, and excessive force, in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution.

54.     Any reasonable police officer in the above-named individual Defendants' position at all times relevant to this cause of action would have known that the use of force under the circumstances was unnecessary, unreasonable illegal, and excessive under the same or similar conditions that existed in this case.

55.     The above-named individual Defendants breached the duty to not use unnecessary, unreasonable illegal, and excessive force in violation of Plaintiff's

constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution in a number of ways, including, but not limited to the following:

    a.  Entering Plaintiff's residence forcefully and unannounced and/or in such a way to avoid unnecessary injury to those inside the residence, including Plaintiff;

    b.  Restraining Plaintiff by using inappropriate, excessive, and inexcusable force;

    c.  Use of unnecessary, unreasonable, illegal, and excessive force in forcefully bashing Plaintiff's door in when Defendants knew that Plaintiff was standing at the door and would be injured from the Defendants doing so;

    d.  Use of unnecessary, unreasonable, illegal, and excessive force in bashing the door to Plaintiff's residence where Defendants knew Plaintiff was standing at the door where a lesser degree of force would have sufficed under the circumstances;

    e.  Deliberately failing to use lesser and safer methods of entry into Plaintiff's residence so as to avoid unnecessary injury to those inside the residence, including Plaintiff;

11

   f. Other acts and omissions which may be learned through the

   course of discovery.

56. Any reasonable police officer in the above-named individual

Defendants' position at all times relevant to this cause of action would have known

that the use of force under the circumstances was unnecessary, unreasonable

illegal, and excessive under the same or similar conditions that existed in this case.

57. The above-named individual Defendants at all times relevant to this

cause of action were acting under the color of state law.

58. The use of unnecessary, unreasonable, illegal, and excessive force by

the above-named individual Defendants against Plaintiff constitutes an

unreasonable "seizure" within the meaning of the Fourth Amendment of the United

States Constitution.

59. The use of unnecessary, unreasonable, illegal, and excessive force by

the above-named individual Defendants against Plaintiff was not objectively

reasonable in light of the facts and circumstances confronting them.

60. The above-described use of force against Plaintiff was without legal

justification.

61. The use of unnecessary, unreasonable, illegal, and excessive force by

the above-named individual Defendants against Plaintiff amounted to a violation of

Plaintiff's rights under the Fourth and Fourteenth Amendment of the United States

Constitution, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and police officer in the Defendants' position would have known.

62.    In violation of Plaintiff's clearly established constitutionally-protected right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the above-named individual Defendants failed to act to prevent the use of unnecessary, unreasonable, and excessive force against Plaintiff.

63.    Following the events set forth herein, the above-named individual Defendants conspired with one another to fabricate and disseminate false accounts regarding the subject matter of this lawsuit, failed to report or document the incident accurately, failed to accurately report the force that was used on Plaintiff during the incident, and failed to accurately document and report the injuries Plaintiff suffered, all in furtherance of a conspiracy to violate Plaintiff's clearly established constitutional right to be free from punishment and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution.

64.    The above-named individual Defendants are not entitled to qualified immunity.

65.    As a direct and proximate result of the above-named individual

Defendants' use of unnecessary, unreasonable, illegal, and excessive force, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

    a.  Reasonable medical and hospital expenses;

    b.  Reasonable compensation for emotional injuries suffered by Plaintiff during the time that she suffered injury and continuing into the future;

    c.  Reasonable compensation for the pain and suffering undergone by Plaintiff during the time that she suffered injury and continuing into the future;

    d.  Loss of financial support;

    e.  Loss of services;

    f.  Loss of gifts or other valuable gratuities;

    g.  Loss of wages; and

    h.  Loss of society and companionship.

66.    Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all

such inadequacies.  The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT II – UNLAWFUL SEARCH AND SEIZURE VIOLATION OF CONSTITUTIONAL RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDEMENTS OF THE UNITED STATES CONSTITUTION PURSUANT TO 42 U.S.C. § 1983 AS TO THE INDIVIDUAL DEFENDANTS

67.    Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

68.    At all times relevant, Plaintiff had a clearly established right to liberty protected in the substantive components of the Due Process Clause of the Fourteenth Amendment to the United States Constitution, including her right to personal safety and bodily integrity, as well as protection from unlawful search, unlawful seizure pursuant to the Fourth Amendment to the United States Constitution.

69.    At all times relevant, as police officers acting under color of law, Defendants were required to obey the laws of the United States, including those

15

laws identified under the Fourth and Fourteenth Amendments to the United States Constitution.

70.     Plaintiff's arrest and detention as described herein were undertaken by Defendants without probable cause and without regard to any legitimate law enforcement interest.

71.     Defendants' actions were not taken spontaneously in response to an emergency, but rather with disregard for Plaintiff's constitutional rights.

72.     The unlawful and unreasonable seizure of Plaintiff without probable cause by Defendants  amounted to a violation of Plaintiff's rights under the Fourth and Fourteenth Amendment of the United States Constitution, and those rights were clearly established at all times relevant to this cause of action, and which a reasonable person and police officer in the Defendants' position would have known.

73.     In violation of Plaintiff's clearly established constitutionally-protected right to be free unlawful and unreasonable seizure and deprivation of life and liberty without due process of law under the Fourth and Fourteenth Amendments to the United States Constitution, the above-named individual Defendants failed to act to prevent the unlawful and unreasonable seizure of Plaintiff without probable cause.

74.     The above-named individual Defendants are not entitled to qualified

immunity.

75.   As a direct and proximate result of the above-named individual Defendants' unlawful and unreasonable seizure, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

   a. Reasonable medical and hospital expenses;

   b. Reasonable compensation for emotional injuries suffered by Plaintiff during the time that she suffered injury and continuing into the future;

   c. Reasonable compensation for the pain and suffering undergone by Plaintiff during the time that she suffered injury and continuing into the future;

   d. Loss of financial support;

   e. Loss of services;

   f. Loss of gifts or other valuable gratuities;

   g. Loss of wages; and

   h. Loss of society and companionship.

76.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law.  To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants,

this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT III – MUNICIPAL LIABILITY INADEQUATE POLICIES/PROCEDURES/CUSTOMS, FAILURE TO TRAIN, RATIFICATION/ACQUIESENCE AS TO DEFENDANTS CHIEF CRAIF AND CITY OF DETROIT

77.   Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

78.   Pursuant to 42 U.S.C § 1983, as well as the Fourth and Fourteenth Amendments to the United States Constitution, Defendant City of Detroit owed Plaintiff certain duties to properly hire, supervise, monitor, and train the above-named individual Defendants as well as its other Officers so as not intentionally violate the constitutional rights of individuals, including by using deliberate unnecessary, unreasonable, excessive, and/or illegal force and/or by unlawfully and unreasonably seizing individuals in violation of the constitutional rights of those individuals, and in particular, under the circumstances which existed at all

18

times relevant to this cause of action.

79.     Defendant City of Detroit is liable pursuant to 42 U.S.C § 1983, in that its policies, procedures, regulations, and customs, or that it failed to enact policies, procedures, regulations, and customs, such that such policies, procedures, regulations, and customs, or lack thereof, caused and was the driving force behind the violation of Plaintiff's constitutional rights as alleged in this Complaint.

80.     At all times relevant to this cause of action, Defendant Chief Craig had the final decision-making authority and to enact policies, procedures, regulations, or customs regarding, but not limited to, training of police officers employed by the City of Detroit, and had the final decision-making authority on hiring, retaining, investigating, and disciplining officers employed by the City of Detroit.

81.     Defendant City of Detroit through its policies, procedures, regulations, or customs, or lack thereof, breached its duties, which amounted to reckless indifference toward the constitutional rights of the general public, and toward Plaintiff specifically, in the following ways including, but not limited to:

a. Failing to properly train its officers, including the above-named individual Defendants, concerning the proper use of reasonable and necessary force and/or lawfully seizing individuals where probable cause to do so exists;

b. Failure to properly train its officers, including the above-named individual Defendants, concerning the proper ways to enter a residence so as to not unlawfully and unreasonably injure those inside the residence, including those such as Plaintiff under the circumstances presented;

c. Failure to hire and/or retain officers whose character and personality would not pose a potential danger to the public in general and Plaintiff in particular;

d. Failure to adequately monitor the conduct and behavior of its officers in general, but specifically the above-named individual Defendants, relative to past incidents of the use of unlawful and unreasonable excessive force or the unlawful and unreasonable seizure of individuals without probable cause such that, despite written policies against such misconduct, failure to sufficiently punish officers for past incidents of such conduct has led to the formation of a custom that such misconduct will be encouraged and tolerated by the City of Detroit;

e. Failure to have proper policies, procedures, and training to deal with the danger of using physical and excessive force

against individuals and/or unlawfully and unreasonably seizing individuals without probable cause, including persons such as Plaintiff;

f.  Failure to properly screen, supervise, discipline, transfer, counsel or otherwise control police officers, including the above-named individual Defendants, who are known or should have been known to engage in improper use of excessive force or the unlawful and unreasonable seizures of individuals with no probable cause;

g.  Failure to supervise and/or train Officers to prevent violation of citizens' Constitutional rights;

h.  Sanctioning the use of excessive force or the unlawful and unreasonable seizure of individuals without probable cause by failing to adequately discipline or terminate officers who were known to have violated  the Constitutional right of citizens on prior occasions, including but not limited to the above-named individual Defendants;

i.  Having a custom, policy, or practice of tolerating the violation of constitutional rights by officers;

j.  Ratifying the violation of constitutional rights by officers;

      k.  Other acts and omissions which may be learned through the course of discovery.

82.   As a direct and proximate result of the breaches as set forth above, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

      a.  Reasonable medical and hospital expenses;

      b.  Reasonable compensation for emotional injuries suffered by Plaintiff during the time that she suffered injury and continuing into the future;

      c.  Reasonable compensation for the pain and suffering undergone by Plaintiff during the time that she suffered injury and continuing into the future;

      d.  Loss of financial support;

      e.  Loss of services;

      f.  Loss of gifts or other valuable gratuities;

      g.  Loss of wages; and

      h.  Loss of society and companionship.

83.   Pursuant to 42 U.S.C. §§ 1983 and 1988, Defendants are liable to Plaintiff for all damages allowed under federal law. To the extent that the damages allowable and/or recoverable under one or both of the statutes are deemed

insufficient to fully compensate Plaintiff and/or to punish or deter the Defendants, this Court must order additional damages to be allowed so as to satisfy any and all such inadequacies. The conduct of Defendants was and remains extreme and outrageous subjecting Defendants to punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants City of Detroit and Chief Craig, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT IV – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS TO ALL INDIVIDUAL DEFENDANTS

84.    Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

85.    Defendants' intentional conduct described above was extreme and outrageous and would naturally and probably result in emotional distress to a person, such as Plaintiff, subjected to such conduct.

86.    Defendants' intentional conduct described above was unlawful and not undertaken in good faith, but rather, with malice and/or wanton or reckless disregard of Plaintiff's rights.

87.    As a direct and proximate result of Defendants' intentional conduct described above, Plaintiff suffered severe emotional distress.

23

88.     The emotional distress suffered by Plaintiff physically manifested itself in symptoms including, but not limited to:

      a.  sleeplessness;

      b.  increased anxiety;

      c.  headaches;

      d.  crying spells;

      e.  nausea;

      f.  nightmares;

      g.  loss of appetite;

      h.  such other injuries and physical manifestations as may appear during the course of discovery and trial in this matter.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, as well as punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT V – GROSS NEGLIGENCE, WILLFUL AND WANTON MISCONDUCT, AND ASSAULT AND BATTERY AS TO THE INDIVIDUAL DEFENDANTS

89.     Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

Case 4:17-cv-10506-LVP-DRG   ECF No. 1, PageID.25   Filed 02/16/17   Page 25 of 31

90.     The above-named individual Defendants owed Plaintiff a duty to act in a reasonable manner and not in a grossly negligent manner, to act prudently and with reasonable care and to avoid the use of unnecessary, unjustified, illegal unreasonable, and excessive force, or otherwise cause injury from the use of physical force.

91.     The above-named individual Defendants were grossly negligent and acted so recklessly as to demonstrate a substantial lack of concern that injury would result, and/or acted in a unnecessary or willful or wanton manor toward Plaintiff, and committed an assault and/or battery and maliciously carried out these actions for the purpose of using excessive force on Plaintiff, and thus breached the above duties in a number of ways, including but not limited to:

     a.  Entering Plaintiff's residence forcefully and unannounced and/or in such a way to avoid unnecessary injury to those inside the residence, including Plaintiff;

     b.  Restraining Plaintiff by using inappropriate, excessive, and inexcusable force;

     c.  Use of unnecessary, unreasonable, illegal, and excessive force in forcefully bashing Plaintiff's door in when Defendants knew that Plaintiff was standing at the door and would be injured from the Defendants doing so;

d. Use of unnecessary, unreasonable, illegal, and excessive force in bashing the door to Plaintiff's residence where Defendants knew Plaintiff was standing at the door where a lesser degree of force would have sufficed under the circumstances;

e. Deliberately failing to use lesser and safer methods of entry into Plaintiff's residence so as to avoid unnecessary injury to those inside the residence, including Plaintiff;

f. Other acts and omissions which may be learned through the course of discovery.

92.    Defendants willfully and intentionally touched Plaintiff against her will.

93.    The above-named individual Defendants are not entitled to immunity under Michigan law.

94.    As a direct and proximate result of the above-named individual Defendants' gross negligence, willful and wanton misconduct, and/or assault and battery, Plaintiff has suffered and will continue to suffer damages, including, but not limited to, the following:

a. Reasonable medical and hospital expenses;

26

b.  Reasonable compensation for emotional injuries suffered by Plaintiff during the time that she suffered injury and continuing into the future;

c.  Reasonable compensation for the pain and suffering undergone by Plaintiff during the time that she suffered injury and continuing into the future;

d.  Loss of financial support;

e.  Loss of services;

f.  Loss of gifts or other valuable gratuities;

g.  Loss of wages; and

h.  Loss of society and companionship.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, and punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

## COUNT VI – FALSE IMPRISONMENT
## AS TO ALL INDIVIDUAL DEFENDANTS

95.  Plaintiff hereby incorporates by reference each of the allegations contained in previous paragraphs as though fully set forth herein.

96.  Plaintiff was forcibly restrained and/or detained by Defendants, against her will, and deprived of her personal liberty and freedom of movement.

27

97.    Defendants intended to deprive Plaintiff of her personal liberty and freedom of movement.

98.    As a direct and proximate result of Defendants' intentional conduct described above, Plaintiff has suffered and will continue to suffer damage into the future, including but not limited to:

    a.  Physical pain and suffering;

    b.  Permanent scarring;

    c.  Mental anguish;

    d.  Severe emotional distress;

    e.  Fright and shock;

    f.  Denial of social pleasures and enjoyment;

    g.  Humiliation or mortification;

    h.  Reasonable medical bills and expenses for the past, present and future;

    i.  Exemplary damages, and

    j.  All other damages properly recoverable under law.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $75,000.00, plus costs, interest, and attorney fees, and punitive and/or exemplary damages so wrongfully incurred, as the Court deems just.

Respectfully submitted,

**RASOR LAW FIRM, PLLC**

By: _/s/ James B. Rasor_
    James B. Rasor (P43476)
    **RASOR LAW FIRM, PLLC**
    Attorneys for Plaintiff
    201 East Fourth Street
    Royal Oak, Michigan 48067
    (248) 543-9000/(248) 543-9050 (fax)
    jbr@rasorlawfirm.com

Dated: February 16, 2017

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

FANESTER JAMES,

     Plaintiff,                                 Case No.
                                               Hon.
v

CITY OF DETROIT, a municipal corporation,
CHIEF JAMES CRAIG, SAMUEL PIONESSA,
REGINALD BEASLEY, NICO HURD,
ALANNA MITCHELL, JUAN DAVIS,
JOHNNY FOX, SAMUEL GALLOWAY,
JASON CLARK, and LAMAR WILLIAMS,
in their individual and official capacities,

     Defendants.

---

James B. Rasor (P43476)
**RASOR LAW FIRM, PLLC**
Attorneys for Plaintiff
201 East Fourth Street
Royal Oak, Michigan 48067
(248) 543-9000/(248) 543-9050 (fax)
jbr@rasorlawfirm.com

---

**DEMAND FOR JURY TRIAL**

---

NOW COMES Plaintiff FANESTER JAMES, by and through her attorneys, RASOR LAW FIRM, PLLC, and hereby demands a trial by jury in the within cause of action.

Respectfully submitted,

**RASOR LAW FIRM, PLLC**

By: /s/ *James B. Rasor*
       James B. Rasor (P43476)
       **RASOR LAW FIRM, PLLC**
       Attorneys for Plaintiff
       201 East Fourth Street
       Royal Oak, Michigan 48067
       (248) 543-9000/(248) 543-9050 (fax)
       jbr@rasorlawfirm.com

Dated: February 16, 2016