UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANESTER JAMES,

    Plaintiff,                                       Civil Case No. 17-10506
                                                       Honorable Linda V. Parker

    v.

CITY OF DETROIT, a municipal corporation,
CHIEF JAMES CRAIG, SAMUEL PIONESSA,
REGINALD BEASLEY, NICO HURD,
ALANNA MITCHELL, JUAN DAVIS,
JOHNNY FOX, SAMUEL GALLOWAY,
JASON CLARK, AND LAMAR WILLIAMS,
in their individual and official capacities,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO AMEND COMPLAINT TO INCLUDE ADDITIONAL FACTUAL ALLEGATIONS AND COUNTS (ECF NO. 30)**

      This lawsuit arises from a police raid of Plaintiff's residence in Detroit, MI on or about September 6, 2016. Plaintiff alleges violations of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as various state law claims. Presently before the Court is Plaintiff's Motion to Amend Complaint to Include Additional Factual Allegations and Counts, filed May 11, 2018, and Defendant's response, filed May 11, 2018. (ECF Nos. 30 & 33.) For the reasons that follow, the Court grants Plaintiff's motion.

1

I.      **Factual and Procedural Background**

On or about September 6, 2016, while in her home, Plaintiff, a 59-year-old woman, heard a noise on her front porch and went to investigate the source of the noise. (ECF No. 1 at Pg ID 4-5.) Through the glass window of her front door, Plaintiff noticed the Individual Defendants on her front porch wearing black facemasks and t-shirts that read "Police." (*Id.* at Pg ID 5.) According to Plaintiff, as she stood directly in front of her door, she made eye contact with one of the officers, who she believed to be either Defendant Reginald Beasley or Nico Hurd ("Defendant Officer #1"). (*Id.*) Despite making eye contact with Plaintiff, Defendant Officer #1 kicked in Plaintiff's front door, striking Plaintiff in the face and effectively knocking her into the wall in her front hallway. (*Id.*) Plaintiff asserts she was placed in handcuffs and instructed to sit in the living room while the Individual Defendants searched her home. (*Id.* at Pg ID 6.) While handcuffed and sitting in her living room, blood began to drip from a large gash above her eye that was caused when Defendant Officer #1 kicked the door into Plaintiff's face. (*Id.*)

After the search was complete but prior to the Individual Defendants leaving the residence, Defendant Officer #1 took Plaintiff into another room, allegedly threatening her and stating, "I want to make sure that we are on the same page because I do not want to have to take you to jail." (*Id.*) Plaintiff believed this was

an attempt to cover up the injuries Defendant Officer #1 caused her. Defendant Officer # 1 then told Plaintiff she did not need an ambulance and "[t]his never happened. You fell and hit your head before we got here, right?" (*Id.* at Pg ID 6-7.) Later, Defendant Officer #1 instructed Plaintiff to change her shirt because he did not want to see blood and took a photo of Plaintiff following her shirt change. (*Id.* at Pg ID 7.)

According to Plaintiff, after the Individual Defendants left her residence, she found a document titled "Search Warrant and Affidavit." (*Id.*) It stated: "'Seller#1: B/M/20, 5'10" 170 lbs., medium complexion, wearing a white t-short [sic] and blue jeans,' for narcotics, narcotics paraphernalia and all items uses [sic] for the sale, manufacture and distribution of controlled substances." (*Id*. at Pg ID 7-8.)

On February 16, 2017, Plaintiff filed a Complaint for § 1983 violations, as well as various state law claims. (ECF No. 1.) Plaintiff names eleven Defendants in her Complaint filed February 16, 2017: (1) the City of Detroit, (2) Chief James Craig ("Chief Craig"), (3) Samuel Pionessa, (4) Reginald Beasley, (5) Nico Hurd, (6) Alanna Mitchell, (7) Juan Davis, (8) Johnny Fox, (9) Samuel Galloway, (10) Jason Clark, and (11) Lamar Williams, in their individual and official capacities. (*Id.*) On November 7, 2017, this Court granted, in part, Defendants' Motion to Dismiss and dismissed Chief Craig.

According to Plaintiff, since the filing of the lawsuit, the City of Detroit has taken retaliatory actions against her. (ECF No. 32 at Pg ID 340.) Plaintiff alleges that on April 6, 2017 Defendants issued Plaintiff three misdemeanor citations, "drove while license not valid or improper license," "driving unregistered or untitled vehicle," and "no insurance misdemeanor." (*Id.* at 346-47.) She also received two civil infractions for having "defective or missing equipment." (*Id*. at 347.) Plaintiff claims the charges were dismissed for "lack of merit." *Id.* On March 26, 2018, Plaintiff received a "blight violation warning" for failing to remove animal waste from her lawn and improper placement of her trashcans. (*Id.*) Finally, Plaintiff claims that Defendants shine the spotlights from their patrol cars through her windows and have done so five to six times since the filing of this lawsuit and as recently as thirty days ago.

## II.   Applicable Law & Analysis

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing

party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

There is no evidence that the amendment was brought in bad faith or for a dilatory purpose. The amendment will not result in undue delay or prejudice. Furthermore, the amendment would not be futile. A § 1983 retaliation claim requires the following showing: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010) (citing *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc))). The Sixth Circuit has instructed, "our case law can fairly be characterized as recognizing the possibility that, on a particular set of facts, extremely close temporal proximity could permit an inference of retaliatory motive, but also recognizing that often evidence in addition to temporal proximity is required to permit the inference." *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 401 (6th Cir. 2010).

It is undisputed that Plaintiff engaged in constitutionally protected conduct when she filed this § 1983 lawsuit. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 396 (6th Cir. 1999). The five tickets issued on April 6, 2017 occurred within a sufficient temporal proximity to infer retaliatory conduct. All five of the citations were dismissed, and according to Plaintiff, the citations she received for her window tint and license plate were improper because she had nothing changed since the issuance of the ticket. Further, Plaintiff alleges she was not operating a motor vehicle at the time she received the ticket and, instead, was in her home. Although the named Defendants were not involved with any of the citations, it is plausible that Plaintiff was targeted because of her pending lawsuit.

Finally, to the extent Plaintiff is not seeking to have her two judgments invalidated, the *Heck* doctrine is not implicated. *See Skinner v. Switzer*, 562 U.S. 521, 533 (2011) ("When 'a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence,' the Court held, § 1983 is not an available remedy. *Ibid.* 'But if . . . the plaintiff's action, even if successful, will not demonstrate the invalidity of [his conviction or sentence], the [ § 1983] action should be allowed to proceed . . . .'".).

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint to Include Additional Factual Allegations and Counts (ECF No. 30) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file the Amended Complaint, no later than fourteen days from the date of this Order.

**IT IS SO ORDERED**.

                                                          s/ Linda V. Parker
                                                          LINDA V. PARKER
                                                          U.S. DISTRICT JUDGE

Dated: June 15, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 15, 2018, by electronic and/or U.S. First Class mail.

                                                          s/ R. Loury
                                                          Case Manager