UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANESTER JAMES,

    Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
CHIEF JAMES CRAIG, SAMUEL PIONESSA,
REGINALD BEASLEY, NICO HURD,
ALANNA MITCHELL, JUAN DAVIS,
JOHNNY FOX, SAMUEL GALLOWAY,
JASON CLARK, AND LAMAR WILLIAMS,
in their individual and official capacities,

    Defendants.
_____/

Civil Case No. 17-10506
Honorable Linda V. Parker

## **OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (ECF NO. 32)**

This lawsuit arises from a police raid of Plaintiff's residence in Detroit, MI on or about September 6, 2016. Plaintiff alleges violations of her Fourth and Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as various state law claims. Presently before the Court is Plaintiff's Motion for Temporary Restraining Order ("TRO"), filed May 11, 2018, and Defendant's response, filed May 17, 2018. (ECF Nos. 32 & 36.) On May 29, 2018, this Court held a hearing on the motion for TRO. For the reasons that follow, the Court denies Plaintiff's motion.

1

On February 16, 2017, Plaintiff filed a Complaint for § 1983 violations, as well as various state law claims. (ECF No. 1.) According to Plaintiff, since the filing of the lawsuit, the City of Detroit has taken retaliatory actions against her. (ECF No. 32 at Pg ID 340.) Plaintiff alleges that on April 6, 2017 Defendants issued Plaintiff three misdemeanor citations, "drove while license not valid or improper license," "driving unregistered or untitled vehicle," and "no insurance misdemeanor." (*Id.* at 346-47.) She also received two civil infractions for having "defective or missing equipment." (*Id.* at 347.) Plaintiff claims the charges were dismissed for "lack of merit." *Id.* On March 26, 2018, Plaintiff received a "blight violation warning" for failing to remove animal waste from her lawn and improper placement of her trashcans. (*Id.*) Finally, Plaintiff claims that Defendants have shone the spotlights from their patrol cars through her windows and have done so five to six times since the filing of this lawsuit and as recently as thirty days ago. Plaintiff requests that this Court issue a TRO to prevent Defendants' retaliatory conduct and from further harassment.

"Temporary restraining orders and preliminary injunctions are extraordinary remedies designed to protect the status quo pending final resolution of a lawsuit." *Richardson v. Wells Fargo Bank, NA*, No. 13–cv–10234, 2013 WL 3367434, at *2 (E.D. Mich. July 5, 2013). The court must consider the following factors when considering whether to issue a TRO or preliminary injunction: (1) whether the

movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury absent an injunction; (3) whether granting the injunction will cause substantial harm to others; and (4) whether the public interest is served by issuance of the injunction. *Northeast Ohio Coalition for the Homeless v. Blackwell*, 467 F.3d 999, 1009 (6th Cir.2008); *see also In re DeLorean Motor Co.*, 755 F.2d 1223, 1228 (6th Cir. 1985). "[T]hese factors simply guide the discretion of the court; they are not meant to be rigid and unbending requirements." *In re Eagle-Picher Indus., Inc.*, 963 F.2d 855, 859 (6th Cir. 1992).

Plaintiff has shown there is a strong likelihood of success on the merits as it relates to the five tickets. A § 1983 retaliation claim requires the following showing: "(1) the plaintiff engaged in constitutionally protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) the adverse action was motivated at least in part by the plaintiff's protected conduct." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 723 (6th Cir. 2010) (citing *Mezibov v. Allen*, 411 F.3d 712, 717 (6th Cir. 2005) (citing *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc))). The Sixth Circuit has instructed, "our case law can fairly be characterized as recognizing the possibility that, on a particular set of facts, extremely close temporal proximity could permit an inference of retaliatory motive, but also recognizing that often evidence in addition to temporal proximity

is required to permit the inference." *Vereecke v. Huron Valley School Dist.*, 609 F.3d 392, 401 (6th Cir. 2010).

It is undisputed that Plaintiff engaged in constitutionally protected conduct when she filed this § 1983 lawsuit. *See Thaddeus-X v*, 175 F.3d at 396. The five tickets issued on April 6, 2017 occurred within a sufficient temporal proximity to infer retaliatory conduct. Although judgment was entered for two of the five citations, the three misdemeanors were dismissed without prejudice. Further, Plaintiff alleges she was not operating a motor vehicle at the time she received the misdemeanor tickets and that they were delivered to her front door. Although the named Defendants were not involved with any of the citations, it is plausible that Plaintiff was targeted because of her pending lawsuit.

However, the Court does not find that Plaintiff has shown a strong likelihood of success on the merits as it relates to her other claims. Specifically, she has not shown the blight warning was improper—that animal waste was not in her lawn and her trashcans were properly placed—and that the spotlights were shone in her window to harass or intimidate her or were unrelated to any investigations.

Likewise, Plaintiff has not shown there is immediate and irreparable injury if relief is not granted. Specifically, there has been no interaction between Plaintiff and the named Defendants since the filing of the Complaint. Further, there is no indication that Plaintiff has been given any citations since those given more than a

year ago, which resulted in judgment or dismissal. Also, there is no indication that Plaintiff has continued to receive blight warnings or has been ticketed as a result of those warnings. None of what Plaintiff complains of merits a TRO.

Finally, the harm in issuing the injunction is the potential interference with legitimate police work. Although Plaintiff has a suit pending against the City, she is not free to engage in conduct that is contrary to the City Code, and therefore, the public interest is not served by the issuance of the TRO.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Temporary Restraining Order (ECF No. 32) is **DENIED**.

**IT IS SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: June 18, 2018

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, June 18, 2018, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager