UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANESTER JAMES,

    Plaintiff,

    v.

CITY OF DETROIT, a municipal corporation,
SAMUEL PIONESSA,
REGINALD BEASLEY, NICO HURD,
ALANNA MITCHELL, JUAN DAVIS,
JOHNNY FOX, SAMUEL GALLOWAY,
JASON CLARK, AND LAMAR WILLIAMS,
in their individual and official capacities,

    Defendants.
_____/

Civil Case No. 17-10506
Honorable Linda V. Parker

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO
AMEND COMPLAINT TO INCLUDE ADDITIONAL FACTUAL
ALLEGATIONS AND COUNT (ECF NO. 60)**

This lawsuit arises from a police raid of Plaintiff's residence in Detroit, MI

on or about September 6, 2016.  Plaintiff alleges violations of her Fourth and

Fourteenth Amendment rights under 42 U.S.C. § 1983, as well as various state law

claims.  Presently before the Court is Plaintiff's Motion to Amend Complaint to

Include Additional Factual Allegations and Count, filed February 15, 2019, and

Defendant's response, filed February 20, 2019.  (ECF Nos. 60, 62.)  For the

reasons that follow, the Court grants Plaintiff's motion.

1

Federal Rule of Civil Procedure 15(a) instructs the courts to "freely grant[]" leave to amend "where justice so requires." This is because, as the Supreme Court has advised, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id.* An amendment is futile when the proposed amendment fails to state a claim upon which relief can be granted and thus is subject to dismissal pursuant to Rule 12(b)(6). *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

This motions comes before the Court to correct two oversights by Plaintiff: (1) the failure to file the First Amended Complaint, permitted by this Court in its June 15, 2018 Order[1], which added Plaintiff's First Amendment retaliation claim and (2) an omission of Plaintiff's failure to knock and announce argument as part of her unlawful search and seizure and *Monell* claims. (ECF No. 60 at 2–5.) This Court does not find, nor have Defendants argued, that the amendment is brought in bad faith or for a dilatory purpose, given that both parties were deposed following

---

[1] Despite not properly filing the Amended Complaint, it was attached as an exhibit to Plaintiff's Motion to Amend. (ECF No. 30-5.)

the amendment and sought information pertaining to the additional claim. (*See, e.g.*, James 8/16/18 Dep., ECF No. 60-3 at 73:13–15.)  The amendment will not result in undue prejudice, and any delay that might result would not be unreasonable.  Neither would the amendment be futile[2].  Finding good cause, the Court grants Plaintiff's motion.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to Amend Complaint to Include Additional Factual Allegations and Count (ECF No. 60) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall file a Second Amended Complaint incorporating her retaliation claim and knock and announce arguments no later than seven (7) days from the date of this Order; Defendant shall have an opportunity to respond accordingly and file an additional motion for summary judgment concerning any new allegations and/or arguments not previously addressed.

**IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: August 20, 2019

---

[2] Plaintiff asserts that she is entitled to re-file her claims until September 6, 2019, when the statute of limitations on her claims expire. (ECF No. 60 ¶ 12, Pg. ID 1212.)