UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANESTER JAMES,

    Plaintiff,

v.

CITY OF DETROIT, a municipal corporation,
SAMUEL PIONESSA, REGINALD BEASLEY,
NICO HURD, ALANNA MITCHELL,
JUAN DAVIS, JOHNNY FOX,
SAMUEL GALLOWAY, JASON CLARK,
AND LAMAR WILLIAMS,
in their individual and official capacities,

    Defendants.
_____/

Civil Case No. 17-10506
Honorable Linda V. Parker

## OPINION & ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF NO. 73)

Plaintiff Fanester James brought this action against the City of Detroit and City of Detroit Police Officers Samuel Pionessa, Reginald Beasley, Nico Hurd, Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark, and Lamar Williams after Plaintiff's front door was rammed into her face during a narcotics raid. Plaintiff alleged (i) excessive force; (ii) unlawful search and seizure; (iii) municipal liability; (iv) intentional infliction of emotional distress; (v) gross negligence, willful and wanton misconduct, and assault and battery; and (vi)

1

false imprisonment.[1] In an opinion and order entered on December 20, 2019, the Court granted Defendants' Motion and Supplemental Motion for Summary Judgment as to all counts. (ECF No. 71.) Presently before the Court is Plaintiff's Motion for Reconsideration. (ECF No. 73.) The motion has been fully briefed. (ECF No. 75.) For the reasons that follow, the Court denies Plaintiff's motion.

## LEGAL FRAMEWORK

Local Rule 7.1 provides the following standard of review for motions for reconsideration:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3). Palpable defects are those which are "obvious, clear, unmistakable, manifest or plain." *Mich. Dep't of Treasury v. Michalec*, 181 F. Supp. 2d 731, 734 (E.D. Mich. 2002). "It is an exception to the norm for the Court to grant a motion for reconsideration." *Maiberger v. City of Livonia*, 724 F. Supp. 2d 759, 780 (E.D. Mich. 2010). "[A] motion for reconsideration is not properly

---

[1] In her response to Defendants' Motion for Summary Judgment, Plaintiff waived the false imprisonment claim. (ECF No. 61 at Pg. ID 1376.)

2

used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith ex rel. Smith v. Mount Pleasant Pub. Sch.*, 298 F. Supp. 2d 636, 637 (E.D. Mich. 2003) (citing *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998)).

## ANALYSIS[2]

In her Motion for Reconsideration, Plaintiff contends that the Court committed palpable error regarding Plaintiff's (i) excessive force claim and (ii) unlawful search and seizure claim. (ECF No. 73 at Pg. ID 2050, 2055.)

### *(i) Did the Court Commit Palpable Error Regarding Plaintiff's Excessive Force Claim?*

When granting summary judgment as to Plaintiff's excessive force claim, the Court reasoned as follows:

> Plaintiff would have the factfinder believe that the events happened in the following order: (i) eye contact; (ii) Defendant Pionessa's order to ram; then (iii) forced entry. But, in her deposition testimony, Plaintiff stated only that—from *eye contact to forced entry*—one second passed. (ECF No. 58-7 at Pg. ID 962-63.) For the purposes of this analysis, the Court accepts this as fact. The next question is: when did Defendant Pionessa give the *order* to ram? Plaintiff points to no answer and provides no evidence upon which a jury can establish this fact. To be clear, if the order was given *before* the alleged eye contact, the force used cannot be said to be "objectively unreasonable." If the order was given *after*

---

[2] The Court provided a detailed account of the relevant factual background in its December 20, 2019 Opinion and Order. (ECF No. 71 at Pg. ID 2020-22.) Those facts need not be repeated here.

3

the alleged eye contact, Plaintiff's allegation perhaps has legs.

Because Plaintiff provides no evidence regarding when Defendant Pionessa even gave the order (e.g., Plaintiff hearing Defendant Pionessa yell the order after the alleged eye contact), a more apt recitation of Plaintiff's argument is as follows: because the alleged eye contact was made and then the door forced open, the order *must have* been given sometime after the alleged eye contact. This argument is faulty. Without affirmative evidence of when the order was given, the probability that the order was given *before* the alleged eye contact is *equal* to the probability that the order was given *after* the alleged eye contact.

In other words, to make out her argument of (i) eye contact; (ii) Defendant Pionessa's order to ram; then (iii) forced entry, Plaintiff provides only a mere basis for speculation or conjecture—specifically, eye contact was made then the door forced open—and asks that the factfinder guess to fill in the important detail of when the order was given. Such a request is improper. *Lewis v. Philip Morris Inc.*, 355 F.3d 515, 533 (6th Cir. 2004) ("[T]o survive a motion for summary judgment, the non-moving party must . . . show sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy." (citations omitted)); *see also . . . Pers. v. Wal-Mart Stores, Inc.*, 921 F.2d 276 (6th Cir. 1990) (unpublished) (affirming summary judgment where jury could only speculate about facts for which evidence was lacking).

Because Plaintiff fails to present evidence regarding when Defendant Pionessa gave the order, there is insufficient evidence with which a jury can reasonably conclude that Defendant Pionessa gave the order to ram after making the alleged eye contact with Plaintiff. Thus, no genuine issues of material fact remain and Defendants are entitled to summary judgment as to Count I.

4

(Order, ECF No. 71 at Pg. ID 2024-26.)

Plaintiff's issue with the aforementioned analysis is four-fold: (i) Plaintiff did not state that only "one second" passed between eye contact and Defendant Pionessa's forced entry (rather, according to Plaintiff, "[her] testimony is ambiguous as to the specific time"); (ii) the Court did not consider Defendant Pionessa's testimony that a "couple seconds" passed between the time "no answer [was] given" and the order;[3] (iii) the Court did not consider Defendant Galloway's testimony that only one second passed between the order and the forced entry; and (iv) "the Court's use of 'probabilities' is indictive of improperly weighing the evidence at the summary judgment stage." (ECF No. 73 at Pg. ID 2051-52.)

Even accepting the facts as detailed in the first three arguments as true, Plaintiff's excessive force claim still fails because those facts do not suggest that the eye contact occurred before the order and Plaintiff does not otherwise identify any evidence that the Court has overlooked that would establish that the eye contact occurred before the order. Because Plaintiff's proof fails to establish that the eye contact in fact occurred before the order, Plaintiff's version of events as

---

[3] While Plaintiff's recitation of Defendant Pionessa's testimony is technically correct, a more precise summary of his testimony on this point is that a "couple [of] seconds" passed between the moment Defendants arrived at Plaintiff's front door (and no answer was given) and the order. (Pionessa Dep., ECF No. 58-13 at Pg. ID 1115.)

5

established by the record—**alleged eye contact then**, eventually, **forced entry**—*is not inconsistent* with Defendants' argument regarding the order of events—order, **alleged eye contact, then forced entry**. This lack of inconsistency between the parties' respective versions of the event means there is no factual dispute to be resolved during a trial.

In her Motion for Reconsideration, Plaintiff contends that the Court "erred in weighing [the] evidentiary dispute" when it reasoned that "[w]ithout affirmative evidence of when the order was given, the probability that the order was given *before* the alleged eye contact is *equal* to the probability that the order was given *after* the alleged eye contact." (*Id*. at Pg. ID 2051-52.) Plaintiff confuses the concept of improper speculation due to a dearth of evidence with that of weighing evidence. Plaintiff further contends that the notion that the eye contact occurred before the order is an "inference that must be drawn in Plaintiff's favor." (*Id*. at Pg. ID 2054.) The Court disagrees.

When ruling on a motion for summary judgment, courts must accept the non-movant's evidence as true and draw "all *justifiable* inferences" in the non-movant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (emphasis added). Such inferences are drawn when "the non-moving party . . . show[s] sufficient probative evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy," *Lewis v. Philip Morris*

6

*Inc.*, 355 F.3d 515, 533 (6th Cir. 2004). Put another way, "inferences" based on "speculation, conjecture, or fantasy" are not "justifiable." Of course, the line between what is logically inferable and what amounts to speculation can sometimes be blurry. To be clear, speculation is a guess, whereas a logical inference is a conclusion about a disputed fact drawn from an undisputed fact. Put another way, logical inferences are anchored in evidence whereas speculation has no factual anchor.

Here, the undisputed fact is that the eye contact occurred sometime before the forced entry. Yet, this undisputed fact does not support the inference that the eye contact occurred before the order any more than it supports the inference that the order occurred before the eye contact. In short, one must resort to pure speculation—rather than legitimate inference—to arrive at the conclusion that the eye contact occurred before the order. Because Plaintiff's proposed inference "can be supported by nothing more than speculation, conjecture, empty theorizing and creative guesswork," it cannot be used to defeat a grant of summary judgment. *Parks v. Warren Corr. Inst.*, 51 F. App'x 137, 146 (6th Cir. 2002) (finding that evidence was insufficient where "web of inference [was] too weak on [the] facts to permit any rational trier of fact, absent sheer speculation" to make the factual finding); *see Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir. 1986)

(observing that "[m]ere personal beliefs, conjecture and speculation are insufficient to support" a triable factual inference).[4]

Accordingly, the Court denies Plaintiff's Motion for Reconsideration as to Count I (Excessive Force).

### *(ii) Did the Court Commit Palpable Error Regarding Plaintiff's Unlawful Search and Seizure Claim?*

Plaintiff argues that the Court erred when it dismissed, based on qualified immunity, her Fourth Amendment claim based on a knock and announce theory. (ECF No. 73 at Pg. ID 2055-56.) Even if true, correcting the defect would not result in a different disposition of this claim, as the Court now believes it erred in allowing Plaintiff to assert this claim so late in these proceedings.[5]

---

[4] In the Motion for Reconsideration, Plaintiff argues that Defendant Galloway's testimony that a "couple [of] seconds" passed between the moment Defendants received no answer while standing at Plaintiff's front door and the order "expressly creates a question of fact as to Plaintiff meeting eyes with an officer before the door was ordered breached." (ECF No. 73 at Pg. ID 2051.) This is not true. Critically, Defendant Galloway's testimony, even if accepted as fact, does not at all touch on whether the eye contact occurred before the order. Plaintiff further contends that Defendant Galloway's testimony "[a]t the least . . . creates a fifty-fifty split as to the specific timing." (*Id.*) Notably however, the fact that Plaintiff offers no evidence that would help a jury resolve the "fifty-fifty split" regarding whether the alleged eye contact came before or after the order means that the jury would have to guess—not infer. Guessing, however, is not within the purview of a jury.

[5] "Until a district court enters a judgment, it may alter or amend any of its orders" because, "[u]nder Fed. R. Civ. P. 54(b)[,] an order that determines fewer than all the claims or rights of the parties does not terminate the action." *Jaynes v. Austin*, 20 F. App'x 421, 425 (6th Cir. 2001) (noting that such orders are "subject to

8

Plaintiff's first Motion to Amend/Correct was filed on May 11, 2018, approximately six months prior to the discovery deadline. (ECF Nos. 24, 30, 56.) In that motion, Plaintiff sought leave to add a retaliation claim. (ECF No. 30 at Pg. ID 250, 253; ECF No. 30-5.) On June 15, the Court granted Plaintiff's motion, ordering the Amended Complaint to be filed by June 29. (ECF No. 45.) The deadline came and went, and Plaintiff did not file the Amended Complaint. Eight months later on February 15, 2019 (specifically, three months after the close of discovery and three weeks after Defendants filed their Motion for Summary Judgment), Plaintiff filed a second Motion to Amend/Correct. (ECF No. 60.) In this new motion, Plaintiff sought leave to add the retaliation claim *and* a knock and announce theory as to her unlawful search and seizure claim. (*Id.* at Pg. ID 1210-

---

revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties" (quoting Fed. R. Civ. P. 54(b))). Notably, "a timely petition for rehearing [i.e., a Rule 59(e) motion] . . . operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." *Miltimore Sales, Inc. v. Int'l Rectifier, Inc.*, 412 F.3d 685, 688 (6th Cir. 2005) (quoting *Browder v. Dir., Dept. of Corr.*, 434 U.S. 257, 267 (1978)); *see also Quatrine v. Berghuis*, 751 F. App'x 885, 888 (6th Cir. 2018), *cert. denied,* 140 S. Ct. 302 (2019) (finding "no reason to treat a Local Rule 7.1(h) decision any differently" than a Rule 59(e) decision because "[a] motion for reconsideration under Local Rule 7.1(h) is like a motion to amend judgment under Federal Rule of Civil Procedure 59(e): they both are vehicles for a litigant to ask a court to correct a mistake of law or fact"). "Thus, when a Rule 59(e) motion is filed and finality is suspended, the judgment is neither final nor an 'order from which an appeal lies.'" *Miltimore Sales*, 412 F.3d at 688 (quoting Fed. R. Civ. P. 54(a)). Accordingly, the Court may alter or amend any of its orders until it decides Plaintiff's Motion for Reconsideration.

11 ¶ 6, 1215 ¶ 28.) In this motion, Plaintiff stated that "due to clerical oversight, the [Proposed] Amended Complaint [the] Court permitted Plaintiff to file . . . was never filed" but "the parties' conducted discovery specifically relating to the . . . Retaliation Claim." (*Id.* at Pg. ID 1210-11.) Notably, Plaintiff also conceded that she "[did] not expressly articulate[]" a knock and announce theory in the initial Complaint. (*Id.* at Pg. ID 1212.) But after "discover[ing] that . . . Defendants' omitted [from their summary judgment motion] any argument relating to the failure to knock and announce," Plaintiff was seeking leave to "clarify that Count II includes Defendants' failure to knock and announce." (*Id.* at Pg. ID 1211, 1215.)

The Court subsequently granted Plaintiff's second Motion to Amend/Correct, "given that both parties were deposed following the amendment and sought information pertaining to the additional claim." (ECF No. 65 at Pg. ID 1920-21.) To support this conclusion, the Court cited "James 9/16/18 Dep., ECF No. 6-3 at 73: 13-15." (*Id.* at Pg. ID 1921.) This portion of the James Deposition relates to the retaliation claim—not a knock and announce theory. The Court did not make this distinction clear.

As the Sixth Circuit has explained, "[a]llowing an amendment after discovery is closed and summary judgment motions are 'fully briefed' imposes significant prejudice on defendants." *Siegner v. Twp. of Salem*, 654 F. App'x 223,

228 (6th Cir. 2016). "When amendment is sought at a late stage in the litigation, there is an increased burden to show justification for failing to move earlier." *Id.* (quoting *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). Notably, Plaintiff did not provide any excuse or justification for her delay in seeking leave to amend once she became aware of the basis of her knock and announce theory."[6] *Duggins v. Steak 'N Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) (finding no abuse of discretion for denying the plaintiff's motion to amend the complaint where the plaintiff was aware of the basis of the claim, but provided no justification for the delay, and discovery had closed, the dispositive motion

---

[6] Plaintiff argued that "there could not have been undue delay [as to the knock and announce theory] as Plaintiff still believes that it is properly pled as an inherent aspect of her Fourth Amendment search and seizure count." (ECF No. 60 at Pg. ID 1212.) The Court is not persuaded. Plaintiff cites to a single case to support this assertion: *Wilson v. Arkansas*, 514 U.S. 927, 929 (1995). But there, unlike here, the "[p]etitioner asserted that the search warrant was invalid on various grounds, including that the officers had failed to 'knock and announce' before entering her home." *Id.* There is nothing in Plaintiff's initial pleading suggesting that she was asserting this theory to support her Fourth Amendment unlawful entry claim. (*See* ECF No. 1.) Plaintiff further argued that she "[did] not delay[] in bringing this amendment; upon reading Defendants' motion for summary judgment, Plaintiff immediately sought a concurrence from Defense counsel regarding the proposed amendment." (ECF No. 60 at Pg. ID 1216.) This argument also fails because "a plaintiff may not expand his claims to assert new theories for the first time in response to a summary judgment motion." *Desparois v. Perrysburg Exempted Vill. Sch. Dist.*, 455 F. App'x 659, 662 (6th Cir. 2012); *see also Leary v. Daeschner*, 349 F.3d 888, 908 (6th Cir. 2003) (affirming denial of motion for leave to amend complaint where plaintiffs were "'obviously aware of the basis of the claim for many months,' but nonetheless failed to pursue the claim until after it was brought to their attention by [defendant's] final summary judgment motion").

11

deadline had passed, and a motion for summary judgment had been filed); *Pittman v. Experian Info. Sols*., Inc., 901 F.3d 619, 642 (6th Cir. 2018) (same).

Moreover, the Court finds unpersuasive Plaintiff's contention that adding a knock and announce theory "will not unduly prejudice Defendants as . . . various evidence from both Plaintiff and Defendants have been elicited regarding" the theory. (ECF No. 60 at Pg. ID 1216). Because Plaintiff waited until three days before filing its summary judgment response to attempt to add the knock and announce theory, "[Defendants] had no notice that [they] would have to defend against such allegations" and "had no opportunity to collect evidence in its defense against [the theory] during the discovery phase." *Desparois*, 455 F. App'x at 667. Indeed, Plaintiff's delay "denie[d] [] [D]efendant[s] sufficient notice of what claims to investigate," *West v. Wayne Cty*., 672 F. App'x 535, 541 (6th Cir. 2016) (citations omitted), and what specific questions to ask.

Ultimately, to the extent that Plaintiff sought leave to add a knock and announce theory, the Court should have denied the amendment as Plaintiff unduly delayed in moving for leave to amend as to the theory and the amendment caused undue prejudice to Defendants. For this reason, the Court strikes the portions of the First Amended Complaint related to the knock and announce theory and denies

Plaintiff's Motion for Reconsideration as to this theory under Count II (Unlawful Search and Seizure) as moot.[7]

## CONCLUSION

Because Plaintiff fails to demonstrate palpable defects the correction of which would result in a different disposition of the case, the Court denies the Motion for Reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration (ECF No. 73) is **DENIED**.

**IT IS SO ORDERED**.

                                           s/ Linda V. Parker
                                           LINDA V. PARKER
Dated: August 6, 2020               U.S. DISTRICT JUDGE

---

[7] In the second Motion to Amend/Correct, Plaintiff argued that, "if this Court is unwilling to consider this failure to knock and announce as part of Plaintiff's unlawful search and seizure count, Plaintiff is within her statute of limitations until September 6, 2019 to bring a new claim; i.e. she can file another lawsuit." (ECF No. 60 at Pg. ID 1212-13.)  In response, Defendants pointed out that "[t]his argument ignores the matter of res judicata[]," (ECF No. 62-1 at Pg. ID 1634), which "bar[s] [] parties from relitigating issues that were *actually* litigated" or "*could have been raised* in an earlier action," *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996) (emphasis in original).  Not only does the Court agree with Defendants but also Plaintiff did not file a reply brief or otherwise address this argument.  *Boone v. Heyns*, No. 12-14098, 2017 WL 3977524, at *5 (E.D. Mich. Sept. 11, 2017) (finding that an "argument[] [is] deemed conceded and waived" where plaintiff did not refute it in his brief); *see also McPherson v. Kelsey*, 125 F. 3d 989, 995 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.").