UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FANESTER JAMES,

       Plaintiff,

       v.

CITY OF DETROIT, a municipal corporation,
SAMUEL PIONESSA, REGINALD BEASLEY,
NICO HURD, ALANNA MITCHELL,
JUAN DAVIS, JOHNNY FOX,
SAMUEL GALLOWAY, JASON CLARK,
AND LAMAR WILLIAMS,
in their individual and official capacities,

       Defendants.

Civil Case No. 17-10506
Honorable Linda V. Parker

_____/

**OPINION & ORDER**

Plaintiff Fanester James brought this action against the City of Detroit and

City of Detroit Police Officers Samuel Pionessa, Reginald Beasley, Nico Hurd,

Alanna Mitchell, Juan Davis, Johnny Fox, Samuel Galloway, Jason Clark, and

Lamar Williams after Plaintiff's front door was rammed into her face during a

narcotics raid.  Plaintiff alleged (i) excessive force; (ii) unlawful search and

seizure; (iii) municipal liability; (iv) intentional infliction of emotional distress; (v)

gross negligence, willful and wanton misconduct, and assault and battery; and (vi)

1

false imprisonment.[1]  In an Opinion and Order entered on August 6, 2020, the

Court denied Plaintiff's Motion for Reconsideration regarding the Court's Opinion

and Order granting Defendants' Motion and Supplemental Motion for Summary

Judgment as to all counts.  (ECF No. 76.)  On August 20, Plaintiff filed a Notice of

Appeal to the United States Court of Appeals for the Sixth Circuit.  (ECF No. 77.)

Presently before the Court is Plaintiff's Motion for an Indicative Ruling Pursuant

to Fed. R. Civ. P. 62.1(a) and Relief from Judgment Pursuant to Fed. R. Civ. P.

60(b) based on "newly discovered evidence" and a failure to supplement discovery

responses, filed on October 30, 2020.  (ECF No. 80.)  The motion has been fully

briefed.  (ECF Nos. 82, 83.)  For the reasons that follow, the Court denies

Plaintiff's request for relief pursuant to Rule 60(b).

## RELEVANT FACTUAL BACKGROUND

On October 14, 2020, Detroit Police Department ("DPD") Chief James

Craig held a press conference to discuss "Operation Clean Sweep," an internal

investigation into corruption within the DPD's Major Violators Unit (formerly

called the Narcotics Unit).  (ECF No. 80-4 at Pg. ID 2288.)  On the same day, the

Detroit News published a news article, which stated in relevant part:

> Police [C]hief James Craig said six officers have stepped
> down, one has been fired, two others suspended and two
> more are expected to face criminal charges as part of the

---

[1] In her response to Defendants' Motion for Summary Judgment, Plaintiff waived
the false imprisonment claim.  (ECF No. 61 at Pg. ID 1376.)

investigation that started in August 2019 when the chief ordered internal affairs officers to raid the drug unit office. As he was discussing the case, Craig got word that a seventh officer had resigned. . . .

The probe has uncovered about 50 cases of officers lying on search warrant affidavits, money stolen from drug raids, and thousands of dollars in overtime fraud that's also being investigated by federal authorities, the chief said. . . .

Investigators plan to look back 10 years, although so far the investigation only goes back to 2017, Craig said.  In that three-year time frame, the probe has uncovered multiple instances of narcotics officers stealing money from dope dealers, filing false affidavits for search warrants with judges, and officers unilaterally empowering people as confidential informants, when that requires prosecutors to sign off, Craig said. . . .

"We're estimating we've uncovered 50 false warrant affidavits . . . there was alleged untruthfulness about the background of informants, and people were bringing in their own drugs to pass them off as narcotics purchased (which would allow police to get a search warrant)," Craig said.

("Detroit Cop Fired, Others Quit Amid Internal Drug Probe," Oct. 14, 2020, ECF

No. 80-4.)

Notably, at least two additional news articles—one published about ten

months prior on December 11, 2019 and the other on the next day, December 12,

2019—revealed similar information about the August 2019 raid, including that

"drug cops plant[ed] evidence, l[ied] to prosecutors in search warrant affidavits,

robb[ed] dope dealers and embezzl[ed] funds."  ("Detroit Police Probe Yields

Allegations of Widespread Corruption in Drug Unit," Dec. 11, 2019, ECF No. 82-11 at Pg. ID 2471-73; "Detroit Police Drug Unit Investigated for Stealing Money from Dealers, Planting Drugs," Dec. 12, 2019, ECF No. 82-11 at Pg. ID 2468 ("The investigation has found that some officers stole from drug dealers, planted drugs on suspects and lied to prosecutors to get search warrants.").)

In the instant motion, Plaintiff contends that she "ask[ed] Defendant[s] interrogatories pertaining to discipline any Defendant has received."  (ECF No. 80 at Pg. ID 2182.)  Thus, Plaintiff argues, "any evidence of recent discipline or adverse employment action as to any one of the individuals involved in the raid of Plaintiff's home relating to the City's ongoing internal investigation is critical and requires supplemental answers."  (*Id.* at Pg. ID 2182-83.)  Plaintiff asks the Court to (i) state that it would grant relief under Rule 60(b) and allow discovery as to the validity of Defendants' search warrant in this case if the Sixth Circuit remands for that purpose or (ii) state that Plaintiff's motion raises a substantial issue.  (*Id.* at Pg. ID 2177.)  The Court declines to do either.

## LEGAL FRAMEWORK

The filing of a notice of appeal generally divests the district court of jurisdiction to rule on a Rule 60(b) motion.  *Pickens v. Howes*, 549 F.3d 377, 383 (6th Cir. 2008).  Federal Rule of Civil Procedure 62.1, however, provides that if a court lacks authority to grant a timely motion for relief because an appeal has been

docketed and is pending, the court may:  "(1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue."  If a court states that it would grant the motion or that the motion raises a substantial issue, the Court of Appeals can remand the case to the district court for the purpose of further proceedings in line with indicative ruling.  Fed. R. App. P. 12.1(b)-(c). The Court notes that Rule 62.1 does not provide for relief itself; rather, it provides the Court with authority to entertain a motion for relief, including, for example, a Rule 60(b) motion.  *See* Fed. R. Civ. P. 62.1 Advisory Committee Notes.

In order to prevail under Rule 60(b)(2), the moving party must show that there is "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  In order to prevail under Rule 60(b)(3), the moving party must point to "fraud . . ., misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).

## ANALYSIS

Plaintiff argues that the October 2020 press conference and news article revealed information regarding, among other things, falsified affidavits used to obtain search warrants.  (ECF No. 80 at Pg. ID 2181, 2186-87.)  Based on this, Plaintiff would like the Court to reopen discovery so that she can determine whether the search warrant in this case is one of those at issue and whether any of

the Defendant Police Officers have been implicated in the fraud revealed by

Operation Clean Sweep.  (*Id.* at Pg. ID 2185-86.)

First, regarding Plaintiff's request pursuant to Rule 60(b)(2), Plaintiff could

have pursued the relief she now seeks prior to the Court's decision on the summary

judgment motions.  Plaintiff emphasizes that the August 2019 raid took place

seven months after Defendants filed their original Motion for Summary Judgment

and Plaintiff filed a response brief, and well after discovery closed.  (*Id.* at Pg. ID

2185; ECF No. 83 at Pg. ID 2478.)  Notably however, Plaintiff fails to point out

that she filed a response to Defendants' Supplemental Motion for Summary

Judgment on September 24, 2019 (ECF Nos. 68, 69) and the Court thereafter

granted the original and supplemental motions on December 20, 2019 (ECF Nos.

71, 72).  Moreover, Plaintiff does not dispute Defendants' contention that the

information revealed in the December 11 and 12, 2019 articles is not substantively

different than the information revealed in the October 2020 article  (Resp. Br., ECF

No. 82 at Pg. ID 2306-07; *see generally* Reply Br., ECF No. 83).  Considering that

the Sixth Circuit has found that a mere two-week delay is sufficient to bar relief

under Rule 60(b)(2), Plaintiff's year-long wait suggests no diligence at all.  *See*

*C.H. Raches, Inc. v. Gen. Aluminum Mfg. Co.*, 807 F. App'x 534, 539-40 (6th Cir.

2020) (affirming district court's denial of a Rule 60(b)(2) motion filed on March

21, 2018 where "[a]ll the allegedly newly discovered evidence," including a news

article published on March 5, 2018, "predates the summary judgment order" issued on March 16, 2018 "and plaintiff offers no persuasive explanation for why—with due diligence—it could not have submitted the evidence to the district court in a timely fashion").

Second, regarding Plaintiff's request pursuant to Rule 60(b)(3), Plaintiff argues that the implication that she has "a duty to scour the news outlets for news of massive corruption that might have implicated the Defendants in this case patently ignores Defendants' ongoing duty to supplement discovery pursuant to Fed. R. Civ. P. 26(f)."[2]  (ECF No. 83 at Pg. ID 2478.)  It is true that "the failure to disclose or produce material requested in discovery *can* constitute misconduct within the purview of 60(b)(3)."  *Taylor v. Union Inst.*, 30 F. App'x 443, 451 (6th Cir. 2002) (quoting *Abrahamsen v. Trans–State Express, Inc.,* 92 F.3d 425, 428 (6th Cir. 1996) (emphasis added)).  The Sixth Circuit has explained that, for the purpose of Rule 60(b)(3) motions, fraud includes "deliberate omissions when a response is required by law or when the non-moving party has volunteered information that would be misleading without the omitted material."  *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 456 (6th Cir. 2008).

---

[2] If Plaintiff presumably "scoured" the internet recently to discover the October 2020 article, it is not clear why Plaintiff did not do so in or around December 2019.

Defendants demonstrate that they supplemented their discovery responses 10 times between March 2018 and September 2018.  (ECF No. 82 at Pg. ID 2305 (citing Ex. H, ECF No. 82-9).)  Though Defendants did not provide supplemental discovery responses in the year that passed between September 2018 and the commencement of Operation Clean Sweep in August 2019, Plaintiff does not actually contend that there was any supplemental information to provide or that Defendants flouted their ongoing duty to supplement before or after the internal investigation commenced.  Instead, Plaintiff seeks to reopen discovery to *perhaps* find evidence that Defendants did not satisfy their duty and she does so without pointing to a single case permitting such relief under these circumstances.  Indeed, an allegation that Defendants perhaps failed to supplement is not akin to providing evidence that they did not in fact supplement.  *See Info-Hold*, 538 F.3d at 456-57 (affirming district court's denial of Rule 60(b)(3) motion where the plaintiff "failed to establish by clear and convincing evidence that [the defendant] either affirmatively misrepresented the features of its . . . products or deliberately breached a duty to disclose [] information").

In addition, in her Motion for Indicative Ruling, Plaintiff concedes that the existence of fraud is only a possibility and admits she puts forward no evidence of such: "[I]f the warrant at issue here is one of the '50 cases of officers lying on search warrant affidavits' as described by Chief Craig during his press conference,

8

certainly such information would be extremely relevant to the validity of Plaintiff's claims," but "[t]his is not to say that Plaintiff has proof that Beasley or any other named Defendant did in fact falsify the warrant or commit other fraudulent acts regarding the warrant process." (ECF No. 80 at Pg. ID 2186-87.)

## CONCLUSION

In sum, it appears that Plaintiff is arguing that, even though she missed the news cycle's mentions of the falsified affidavits and police misconduct in December 2019, she should be allowed to reopen discovery in light of the October 2020 article to make sure that Defendants properly supplemented their discovery responses. But because Plaintiff does not contend that Defendants failed to properly supplement their discovery responses and Plaintiff failed to use "reasonable diligence" to discover the "new evidence" associated with Operation Clean Sweep, the Court denies Plaintiff's request for relief pursuant to Rule 60(b).[3]

Accordingly,

**IT IS ORDERED** that Motion for an Indicative Ruling Pursuant to Fed. R. Civ. P. 62.1(a) and Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) (ECF

---

[3] Plaintiff states that, "[i]f the Court is unwilling to permit discovery, a reasonable middle ground would be for this Honorable Court to conduct an *in camera* review." (ECF No. 83 at Pg. ID 2481.) For the same reasons discussed above, the Court denies this alternate request for relief.

No. 80) is **DENIED**.

     **IT IS SO ORDERED**.

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: January 11, 2021